L. A. WESTERMANN COMPANY *v.* DISPATCH PRINTING COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 50. Submitted November 15, 1918.—Decided March 3, 1919.

The liability imposed by § 25 of the Copyright Act attaches in respect of each copyright infringed, though by the same party. P. 105.

Several and distinct liabilities arise from several, distinct infringements of the same copyright by the same party. *Id.*

Where it is not shown that the infringer made profits, and it appears by the evidence that the damages, though actual, cannot be estimated in money, damages "in lieu of actual damages and profits" are assessable under § 25 of the Copyright Act. P. 106.

In such cases, the court's conception of what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement, etc., is made the measure of the damages to be paid, but with the express qualification that the assessment must be within the maximum and minimum limits prescribed by the section. *Id.*

The owner of separate copyrights for pictorial illustrations of styles for women's apparel made a business of granting exclusive licenses, restricted as to time and locality, for the use of the illustrations by dealers in such apparel in advertising their goods, receiving com-

pensation therefor. In a city covered by such a license, the owner of a newspaper issued daily in thousands of copies widely circulated, published, without the consent of the copyright owner or its licensee, in advertisements of business rivals of the latter, six of the copyrighted illustrations, separately, each in a distinct issue and in all the copies of the paper, five being so published but once, the other twice, in independent advertisements for different advertisers, separated by an interval of some days. *Held*, that there were seven distinct infringements, and that the damages "in lieu of actual damages and profits" under § 25 of the Copyright Act could not be less than $250 for each case.

233 Fed. Rep. 609, reversed.

THE case is stated in the opinion.

*Mr. Curtis C. Williams* for petitioner. *Mr. Simeon Nash* was also on the brief.

*Mr. Smith W. Bennett* and *Mr. Luther Day* for respondent:

Section 25 of the Copyright Act was intended to provide (1) relief by injunction, and (2) relief by way of damages, declared not to be penal. In providing for a recovery of a sum within the prescribed limits, in lieu of actual damages, Congress did not mean to enact a penalty but, recognizing the character of the actual damage done, provides that when actual damages are proven which cannot be measured in dollars and cents, then the court may, in the exercise of its sound discretion, award a sum within the maximum and minimum limits. That is, this law obviated the strict necessity of proving the exact amount of the damage without negativing the necessity for proof of some real damage done. To place any other construction on the section would be to make that which is recovered by it a penalty, pure and simple.

Before the adoption of this Copyright Act, the rule was that an award of nominal damages might be made when a right had been invaded or infringed and no damages

shown, but actual damages must be supported by competent testimony. *New York City* v. *Ransom,* 23 How. 487; *Dobson* v. *Hartford Carpet Co.,* 114 U. S. 439; *Coupe* v. *Royer,* 155 U. S. 565; *Birdsall* v. *Coolidge,* 93 U. S. 64; *Rude* v. *Westcott,* 130 U. S. 152. This rule is applicable as a rule of construction to the section now in question. *Woodman* v. *Lydiard-Peterson Co.,* 192 Fed. Rep. 67, 70; 204 Fed. Rep. 921; *Alfred Decker Cohn Co.* v. *Etchison Hat Co.,* 225 Fed. Rep. 135, 136; *Hendricks Co.* v. *Thomas Publishing Co.,* 242 Fed. Rep. 37.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a bill for an injunction against future infringement of certain copyrights and to recover damages for past infringement. The injunction was granted and in this both parties acquiesced. In addition, the District Court found that there were seven cases of infringement and awarded $10 as nominal damages for each case—$70 in all. The plaintiff appealed, insisting that for each case it was entitled under the copyright law to an award of not less than $250. The Circuit Court of Appeals sustained that contention, but held that what the District Court regarded as seven cases was only one and directed that the decree be modified by awarding $250, instead of $70, as damages. 233 Fed. Rep. 609. A writ of certiorari granted on the plaintiff's petition brings the matter here.

Whether there were seven cases of infringement or only one, and whether the damages should have been assessed at not less than $250 for each case, are the questions to be considered. The facts bearing on the solution of these questions are as follows:

The plaintiff designs and produces pictorial illustrations of styles in women's apparel and supplies the same to dealers in such apparel for use in advertising their

goods. All the illustrations are separately copyrighted and all authorized copies carry the required copyright notice. The plaintiff grants exclusive licenses to use the illustrations for limited periods, each license being restricted to a particular locality. The dealer obtaining the license pays a fixed charge for it. Ordinarily the fact that the license is exclusive makes it attractive, serves as an incentive for paying the charge and is a helpful feature of the plaintiff's business. But when infringers use the illustrations the strength of that feature diminishes and the plaintiff's business suffers accordingly.

At the time of the infringing acts in question the Morehouse-Martens Company, a dealer at Columbus, Ohio, had an exclusive license from the plaintiff covering the use of the illustrations in that locality.

The defendant publishes at Columbus a daily newspaper, each issue comprising as many as 30,000 copies widely circulated. Without the consent or authority of the plaintiff or its licensee the defendant reproduced and published in its newspaper six of the plaintiff's copyrighted illustrations. They were published separately, each in a distinct issue and in all the copies. Five were published once and the other one twice, the illustrations being used in each instance as part of an advertisement by some competitor in trade of the plaintiff's licensee. The two advertisements having the same illustration were by different advertisers and were separated by an interval of twenty-six days.

The record, while showing that the plaintiff was damaged by the infringing publications, does not show the amount of the damages, a matter which is explained by undisputed testimony to the effect that the damages could not be estimated or stated "in dollars and cents, or in money." On this point the Circuit Court of Appeals aptly said: "The plaintiff's damages rested in the injury to his Morehouse contract, and in the discouragement of

and the tendency to destroy his system of business. To make any accurate proof of actual damages was obviously impossible." Whether the defendant made any profit from the publications does not appear. In its bill the plaintiff asked for what are termed statutory damages in lieu of actual damages and profits.

The copyright statute, Act March 4, 1909, c. 320, 35 Stat. 1075, gives to one who copyrights a pictorial illustration the exclusive right to print, reprint, publish, copy and vend the same (§§ 1 and 5), and provides (§ 25[1]) that one who infringes "the copyright in any work" so protected shall be liable, among other things,—

"(b) To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement ... , or in lieu of actual damages and profits such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, but in the case of a newspaper reproduction of a copyrighted photograph such damages shall not exceed the sum of two hundred dollars nor be less than the sum of fifty dollars, and such damages shall in no other case exceed the sum of five thousand dollars nor be less than the sum of two hundred and fifty dollars, and shall not be regarded as a penalty:

"First. In the case of a painting, statue, or sculpture, ten dollars for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees;

"Second. In the case of any work enumerated in section five of this Act,[2] except a painting, statue, or sculp-

---

[1] For a subsequent amendment of this section see c. 356, 37 Stat. 488.

[2] "Prints and pictorial illustrations" are among the copyrightable works enumerated in § 5.

ture, one dollar for every infringing copy made or sold by or found in the possession of the infringer or his agents or employees;

"Third.   In the case of a lecture, sermon, or address, fifty dollars for every infringing delivery;

"Fourth.   In the case of a dramatic or dramatico-musical or a choral or orchestral composition, one hundred dollars for the first and fifty dollars for every subsequent infringing performance; in the case of other musical compositions, ten dollars for every infringing performance."

The statute says that the liability thus defined is imposed for infringing "the copyright in any" copyrighted "work." The words are in the singular, not the plural. Each copyright is treated as a distinct entity, and the infringement of it as a distinct wrong to be redressed through the enforcement of this liability.   Infringement of several copyrights is not put on the same level with infringement of one.   On the contrary, the plain import of the statute is that this liability attaches in respect of each copyright that is infringed.   Here six were infringed, each covering a different illustration.   Thus there were at least six cases of infringement in the sense of the statute.   Was there also another?   The illustration covered by one of the copyrights was published on two separate occasions, each time in a different advertisement.   There was no connection between the two advertisements other than the inclusion of the same illustration in both.   Each was by a different advertiser and was published at his instance and for his benefit.   The advertisers were not joint, but independent, infringers, neither having any connection with what was done by the other.   By publishing their advertisements, the defendant participated in their independent infringements.   In these circumstances, we think the second publication of the illustration must be regarded as another and distinct case of infringement. Whether it would be otherwise if that publication had

been merely a continuation or repetition of the first, and what bearing the "third" and "fourth" subdivisions of § 25, before quoted, would have on the solution of that question, are matters which we have no occasion to consider now. They are mentioned only to show that no ruling thereon is intended.

We conclude, as did the District Court, that there were seven cases of infringement in the sense of the statute.

On the question of the amount of damages to be awarded for each case we are in accord with the Circuit Court of Appeals. Both parties recognize that under the proofs the damages must be assessed under the alternative provision requiring the infringer, in lieu of actual damages and profits, to pay such damages as to the court shall appear to be just, etc. The fact that these damages are to be "in lieu of actual damages" shows that something other than actual damages is intended—that another measure is to be applied in making the assessment. There is no uncertainty as to what that measure is or as to its limitations. The statute says, first, that the damages are to be such as to the court shall appear to be just; next, that the court may, in its discretion, allow the amounts named in the appended schedule, and finally, that in no case shall they be more than $5,000 nor less than $250, except that for a newspaper reproduction of a copyrighted photograph they shall not be more than $200 nor less than $50. In other words, the court's conception of what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, is made the measure of the damages to be paid, but with the express qualification that in every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling, but it has

no discretion when proceeding under this provision to go outside of them.

Apart from the natural import of its words, the history of the provision makes strongly for this view. An early statute required the infringer of a copyright in a dramatic composition to pay such damages "as to the court shall appear to be just," but "not less than" a prescribed amount. Act August 18, 1856, c. 169, 11 Stat. 138; Act July 8, 1870, c. 230, § 101, 16 Stat. 214. This statute became § 4966 of the Revised Statutes. A later statute provided that the recovery for infringing a copyright in an engraving should not be less than $250 nor more than $10,000, and for infringing a copyright in a photograph of an object other than a work of art should not be less than $100 nor more than $5,000. Act March 2, 1895, c. 194, 28 Stat. 965. In 1909, when the copyright statutes were revised, these provisions, and others without present bearing, were brought together in the "in lieu" provision now under consideration. True, they were broadened so as to include other copyrights and the limitations were changed in amount, but the principle on which they proceeded—that of committing the amount of damages to be recovered to the court's discretion and sense of justice, subject to prescribed limitations—was retained. The new provision, like one of the old, says the damages shall be such "as to the court shall appear to be just." Like both the old, it prescribes a minimum limitation and, like one, a maximum limitation.

In *Brady* v. *Daly*, 175 U. S. 148, which was an action to recover for the infringement of a copyright in a dramatic composition, the first of the earlier provisions—that in § 4966, Rev. Stats.—was much considered. The trial court was of opinion that, while the damages were to be such as appeared to it to be just, it could not go below the prescribed minimum; and it made the assessment accordingly. In this court it was contended that in this view

the provision was penal and the action was one to recover a penalty. But the contention was overruled and the judgment affirmed, the court saying, pp. 154, 157: .

"It is evident that in many cases it would be quite difficult to prove the exact amount of damages which the proprietor of a copyrighted dramatic composition suffered by reason of its unlawful production by another, and yet it is also evident that the statute seeks to provide a remedy for such a wrong and to grant to the proprietor the right to recover the damages which he has sustained therefrom.

"The idea of the punishment of the wrongdoer is not so much suggested by the language used in the statute as is a desire to provide for the recovery by the proprietor of full compensation from the wrongdoer for the damages such proprietor has sustained from the wrongful act of the latter. In the face of the difficulty of determining the amount of such damages in all cases, the statute provides a minimum sum for a recovery in any case, leaving it open for a larger recovery upon proof of greater damage in those cases where such proof can be made. The statute itself does not speak of punishment or penalties, but refers entirely to damages suffered by the wrongful act. The person wrongfully performing or representing a dramatic composition is, in the words of the statute, 'liable for damages therefor.' This means all the damages that are the direct result of his wrongful act. The further provision in the statute, that those damages shall be at least a certain sum named in the statute itself, does not change the character of the statute and render it a penal instead of a remedial one."

\*    \*    \*    \*    \*    \*    \*    \*

"Although punishment, in a certain and very limited sense, may be the result of the statute before us so far as the wrongdoer is concerned, yet we think it clear such is not its chief purpose, which is the award of damages to the party who had sustained them, and the minimum

amount appears to us to have been fixed because of the inherent difficulty of always proving by satisfactory evidence what the amount is which has been actually sustained."

It was after the minimum limitation was thus recognized as of controlling force in the assessment of the damages that the terms of the provision then under consideration were substantially repeated in the "in lieu" provision of the revised act. This hardly would have been done had it not been intended that the limitation should be as controlling there as in the earlier statute. That it was intended to be thus controlling is shown by the reports of the committees on whose recommendation the act was passed. House Report No. 2222, and Senate Report No. 1108, 60th Cong., 2d sess.

In our opinion the District Court erred in awarding less than $250 damages in each of the seven cases and the Circuit Court of Appeals erred in holding there was only one case instead of seven.

*Decree reversed.*

MR. JUSTICE DAY did not participate in the consideration or decision of this case.