UNITED STATES v. SCHMIDT et al.

No. 9202.

District Court, M. D. Pennsylvania.

Aug. 5, 1936.

---

[7] Cited with approval in United States v. John Barth Co., 279 U.S. 370, 376, 49 S.Ct. 366, 73 L.Ed. 743.

Frederick V. Follmer, U. S. Atty., of Scranton. Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

Abram Salsburg and Frank L. Pinola, both of Wilkes-Barre, Pa., for defendants.

JOHNSON, District Judge.

These are motions to quash an indictment charging the defendant Schmidt with infringing certain copyrights and the defendant Santangelo with aiding and abetting Schmidt to infringe.

The indictment contains four similar counts, each charging infringement of a different copyright. The first count charges "that heretofore, to wit, on or about November 1, 1936, and on divers dates prior heretofore, the exact dates being to your Grand Jurors unknown, and within a period of three years prior to the date of the finding of this indictment, Stanley E. Schmidt * * * did knowingly, wilfully, unlawfully, and for profit, infringe certain copyrights * * * in that he did knowingly, wilfully, unlawfully and for profit, and without securing permission or license so to do, print and publish certain publications and sheets commonly designated 'Song Sheets' and more particularly termed 'Prosperity Book No. 24,' containing words which were component parts of certain musical compositions on which certain copyrights had theretofore been duly secured * * * and did thereby infringe, as hereinbefore set forth, the said copyrights for certain musical composi-

tions, which said, compositions, among others, consisted of words and music entitled, 'Murder in the Moonlight,' which copyright had theretofore, to wit, on or about May 7, 1935, been duly registered * * * by Leo Feist, Inc., New York, * * *" and that one John Santangelo "* * * did knowingly, wilfully, unlawfully and for profit, aid, abet, incite, counsel, and procure the said Stanley E. Schmidt as aforesaid, to knowingly, wilfully, unlawfully, and for profit, infringe certain copyrights secured by the provisions of title 17 of the United States Code [17 U.S.C.A.], and in so doing and so to do in the manner and form set forth as aforesaid. * * *"

The defendant Schmidt moved to quash the indictment on the ground that all the counts are bad for duplicity, since they charge "the defendant with having, on November 1, 1935, and on divers dates prior thereto, infringed upon certain copyrights by publication of a song book."

The defendant Santangelo moved to quash the indictment on the ground that each count is duplicitous; because each count is vague, indefinite, and uncertain, and does not fully inform the defendant of the charges made against him; because in each count the allegations of fact necessary to constitute a crime are insufficient, uncertain, and ambiguous; and because each count is not sufficient in form or substance to plead the judgment in bar in another prosecution for the same offense.

The defendants contend that the indictment charging the commission of the crime "on or about November 1, 1935, and on divers dates prior heretofore * * *" is duplicitous because it charges a violation on November 1, 1935, and violations on previous dates. The government contends that the crime charged was by its nature continuous, in that infringement consisted of printing thousands of copies beginning at a date prior to November 1, 1935, and continuing to November 1, 1935; that time is not of the essence of the offense; that the allegation of time is not a matter of substance but of form only under Revised Statutes § 1025, 18 U.S.C. § 556 (18 U.S.C.A. § 556), and therefore is not prejudicial to the defendant.

In Hughes, Federal Practice, vol. 9, § 7036, it is stated: "The general rule is that an indictment must allege the offense as of a day certain, though the grand jury lacks evidence of the exact date of the commis-

sion of the offense, and though its oath is to make a true presentment and though time is not of the essence. Yet, where time is not of the essence of the offense, an allegation of its commission on a day certain is so far of form, rather than of substance, as to be unaffected by the imperfection; and so of any imperfection as to definiteness of averment of time of the commission of the offense. Thus, an allegation that an offense was committed * * * on a day certain 'and on divers other days' between that day and the finding of the bill by the grand jury does not render the indictment fatally defective, if time is not of the essence of the offense. Though it has been held that an allegation that the defendant did the act charged 'on or about' a certain day is void for uncertainty, in that it does not show that the action is barred by lapse of time, the quoted phrase commonly is understood not to put the time at large, but to indicate that it is stated with approximate accuracy, and, if time is not an ingredient of the offense, such an allegation is not a material matter but, one of form, as to which any imperfection not prejudicial does not render an indictment insufficient." See, also, 31 C.J. 682, § 212.

"Where the offense consists of a succession or continuation of acts not limited to any particular day, it is proper to allege it as having been committed on a certain day named, and on divers days and times between such day and the day of finding of the indictment, or any other specific subsequent day prior thereto; and such an allegation is sufficient, although the first date mentioned is beyond the period of limitations, provided the latter date is within such period." 31 C.J. 685, § 216.

In Thompson v. United States (C.C.A.) 283 F. 895, 898, Judge Davis said: " 'The past tense in English is an indefinite tense, a mere past, and may denote either a continuing or momentary action.' * * * Continuous past action in English is also and usually expressed by means of the present participle and the past tense, 'was,' of the auxiliary verb 'be.' The offense is charged in the indictment in the past tense. The emphatic form is employed by using the past tense of the auxiliary verb 'do.' The defendant 'on or about the 11th day of March * * * did * * * sell for intoxicating purposes * * * whiskey.' This might mean a single act of selling or repeated acts on or about that time. * *

That no precise time when, nor particular person to whom, the whiskey was sold is mentioned are persuasive that this is the sense in which the tense was used. Precise time or times and identity of persons could have been ascertained by a bill of particulars. In view of the twofold use of the English past tense in representing the duration or repetition of a past act, and the absence of any signified intention on the part of the government to confine the charge to a single act committed at a definite time, it was not error to submit evidence tending to prove that the offense of selling whiskey was committed several times on or about the 11th day of March."

The nature of infringement is well illustrated in Westermann Co. v. Dispatch Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499, wherein the Supreme Court said: "The defendant publishes at Columbus a daily newspaper, each issue comprising as many as 30,000 copies widely circulated. Without the consent or authority of the plaintiff or its licensee the defendant reproduced and published in its newspaper six of the plaintiff's copyrighted illustrations. They were published separately, each in a distinct issue and in all the copies. Five were published once and the other one twice. * * * These two advertisements having the same illustration were by different advertisers and were separated by an interval of 26 days. * * * Here six were infringed, each covering a different illustration. Thus there were at least six cases of infringement in the sense of the statute. Was there also another? The illustration covered by one of the copyrights was published on two separate occasions, each time in a different advertisement. * * * In these circumstances, we think the second publication of the illustration must be regarded as another and distinct case of infringement."

■ The criminal infringement may be continuous. In view of the fact that there is no expressed intention to confine the charge to a single act as distinguished from a continuous act, the indictment must be regarded as charging a continuous act of infringement. The crime is charged as having been committed within the statute of limitations, and, since time is not of the essence of the offense, any imperfection in the allegation thereof is a defect of form which is not prejudicial to the defendant. 18 U.S.C. § 556 (18 U.S.C.A. § 556). The

defendants have the right to apply for a bill of particulars if they deem that any particularization is necessary.

The defendant Santangelo contends that the act on which the indictment is based makes it a misdemeanor for any person to "knowingly and willfully aid or abet" the infringement (17 U.S.C.A. § 28), and, since the indictment charges that Santangelo did "knowingly, wilfully, unlawfully and for profit, aid, abet, incite, counsel, and procure" the defendant Schmidt to infringe, the indictment is ambiguous and uncertain, in that inciting, counseling, and procuring an infringement are acts not prohibited by the act of Congress on which the indictment is based, and may be criminal under another act. While the act on which the indictment is based makes it unlawful to aid or abet an infringement, the indictment must be considered in connection with 18 U.S.C. § 550 (18 U.S.C.A. § 550), which provides that "whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." Defendant has not shown that, in addition to the act of Congress forbidding a person to aid or abet an infringement, there is another act making it an additional crime to incite, counsel, or procure an infringement; nor is the court able to find such an act. Accordingly the defendant's contention that the indictment is ambiguous and uncertain in this respect is without merit.

The defendant Santangelo further contends that the indictment is insufficient and uncertain because it does not charge what words of the copyrighted song were used by the defendant. The indictment charges that the defendant printed and published certain publications and sheets commonly designated "Song Sheets," and more particularly designated "Prosperity Book No. 24," which contained words and music entitled "Murder in the Moonlight." The indictment thus specifies the type of publication printed by defendant, the specific title of the publication which contained the infringement of the copyrighted song, and the name of the particular copyrighted song "Murder in the Moonlight," alleged to be infringed. The indictment further discloses when and by whom the copyright was obtained. This information is sufficient to apprise the defendant of the particular words and music alleged to be infringed by him. An allegation in the indictment of the particular words and music alleged to be infringed would merely be evidentiary and unnecessary.

The defendant Santangelo further contends that the indictment is insufficient to bar another prosecution for the same offense. It has already been stated that the indictment is neither duplicitous nor ambiguous as contended by defendants. It is sufficiently definite to enable the defendants to plead the judgment in bar for any other prosecution of the same offense. As was stated in Tubbs v. United States (C.C. A.) 105 F. 59, when defendants are apprehensive lest they shall be indicted a second time for the very same offense, and be unable to prove by the record a former conviction or acquittal, they may apply for a bill of particulars, and that parol evidence is always admissible, and sometimes necessary, to establish the defense of prior conviction or acquittal.

And now, August 5, 1936, the motions to quash the indictment are denied.