**DOLL et al. v. LIBIN.**
No. 2988.

District Court, D. Montana.
Oct. 5, 1936.

A. H. Gray, of Great Falls, Mont., for plaintiffs.

Geo. D. Ore, of Lewistown, Mont., and Chas. Davidson, of Great Falls, Mont., for defendant.

PRAY, District Judge.·

This is a suit brought by the above-named plaintiffs under the copyright laws of the United States and consists of five alleged causes of copyright infringement, seeking damages and injunctive relief, also attorney's fees and costs.

The facts are substantially as given by both sides. The copyright alleged to have been infringed by the defendant consisted of a book called Publicity Aid for used car dealers and service stations "Miles of Smiles" Series, Volume 1. This was an advertising scheme and the book contained advertising cuts and printed matter for use by customers under contract with plaintiffs, and with whom defendant signed a contract for the purpose of using the copyrighted book and its contents in advertising his business.

The five causes of action are based upon advertisements inserted in a newspaper long after the expiration of the contract and contrary to its provisions, to wit: On April 17, 19, 22, 24, and May 5, 1934. The provision of the contract relating to duration, and upon which plaintiffs rely, is as follows: "The terms of this contract shall be for a period of 15 months from the date of first shipment." · The contract was entered into July 26, 1932, and accepted by the plaintiffs July 29th, and the book of cuts and printed matter were shipped to defendant August 9, 1932; the full consideration therefor having been paid by the latter. The plaintiffs contend that the contract expired fifteen months after the date of shipment of advertising matter, and that consequently the five publications in question were made in violation of the terms of the contract and therefore constituted five separate and distinct causes of action for infringement of the copyright.

On the subject of infringements and the number thereof, each side seems to find a favorable solution in Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S. Ct. 194, 63 L.Ed. 499. The first part of plaintiffs' quotation from that case reads:

"The plaintiff designs and produces pictorial illustrations of styles in women's apparel and supplies the same to dealers in such apparel for use in advertising their goods. All the illustrations are separately copyrighted and all authorized copies carry the required copyright notice. The plaintiff grants exclusive licenses to use the illustrations for limited periods, each license being restricted to a particular locality. The dealer obtaining the license pays a fixed charge for it."

It will be noted here that all illustrations were separately copyrighted and all authorized copies carried the required copyright notice. The court there held that the liability defined by statute was for infringing "the copyright in any" copyrighted "work." In the same decision it was further held: "The words are in the singular, not the plural. Each copyright is treated as a distinct entity, and the infringement of it as a distinct wrong to be redressed through the enforcement of this liability. Infringement of several copyrights is not put on the same level with infringement of one. On the contrary, the plain import of the statute is that this liability attaches in respect of each copyright that is infringed. Here six were infringed, each covering a different illustration. Thus there were at least six cases of infringement in the sense of the statute. Was there also another? The illustration covered by one of the copyrights was published on two separate occasions, each time in a different advertisement. There was no connection between the two advertisements other than the inclusion of the same illustration in both. Each was by a different advertiser and was published at his instance and for his benefit. The advertisers were not joint, but independent, infringers, neither having any connection with what was done by the other. By publishing their advertisements, the defendant participated in their independent infringements. In these circumstances, we think the second publication of the illustration must be regarded as another and distinct case of infringement. Whether it would be otherwise if that publication had been merely a continuation or repetition of the first, and what bearing the 'third' and 'fourth' subdivisions of section 25, before quoted, would have on the solution of that question, are matters which we have no occasion to consider now. They are mentioned only to

show that no ruling thereon is intended. We conclude, as did the District Court, that there were seven cases of infringement in the sense of the statute." That case would apply here precisely if the court had decided the last question mentioned in the above quotation. However, this authority is sufficient to convince the court that there is but one copyright in this case to be considered, not seven as in the foregoing, or five as claimed by plaintiffs herein, and but one infringement.

■ Now to dispose of the question of jurisdiction. Under the statute, the plaintiffs had the right to bring this suit under the copyright law and rely upon the "in lieu" provision thereof, and therefore motion of defendant to dismiss should be denied, and such is the order of the court.

■ As to the interpretation of the contract itself, there seems to be no ambiguity or uncertainty as to its meaning, consequently the testimony of the defendant varying its terms in respect to duration will not be considered. It seems evident that "Miles of Smiles" was copyrighted as a book; that a certificate of copyright registration was issued, which shows that two copies were deposited under the act of 1909 (see 17 U.S.C.A. § 1 et seq.), accompanied by the affidavit required by section 16 of that law (17 U.S.C.A. § 16). This section requires an affidavit only when books are copyrighted. The certificate also gives the title of the book and refers to it under the word "entry" as class A. In title 17 U.S.C.A. section 53, paragraph 4, will be found the definition of a book, and in paragraphs 34 to 37 directions for making the affidavit are given. The application forms in respect to books in paragraph 33 are all designated by the letter "A."

■ It appeared in evidence through correspondence by plaintiffs with defendant that the former offered to settle the alleged breach of contract for $91, but that defendant did not accept the offer. The court is unable to see how this incident can have any bearing on the present case which is for infringement of copyright and authorized under the "in lieu" provision of the copyright law. The defendant contends that if he is liable to plaintiffs in any amount, it is a liability for breach of contract and not for an infringement under the copyright law. Among the cases cited

by counsel for defendant appears a reference to 13 C.J. 1123, § 291, upon which some of these cases are based. This section reads as follows: "291-b, Restrictions in licenses, contracts and notices. The exclusive right to publish and sell enables the copyright proprietor to dictate when, if at all, and on what terms and conditions, copies may be sold. Thus in granting a license to publish and sell, the proprietor may annex conditions, and if the licensee publishes or sells in violation of such conditions, such act is unauthorized and constitutes an infringement. So an agent's authority may be limited, and a publication or sale by an agent in violation of his authority is an infringement. But the first authorized sale takes the particular copies sold out of the copyright monopoly and thereafter the copyright no longer confers control over subsequent sale or disposition of them. Thus if a purchaser violates the restrictions contained in the contract of sale, the copyright proprietor may have a remedy on the contract, if the restrictions are valid, but he has no remedy under the copyright laws because such breach of contract is not an infringement of copyright. * * *" That section appears to state the law fairly and precisely, and it is not difficult to understand from it when a certain state of facts will authorize a suit for infringement and when for breach of contract. This section and the cases cited do not change the views of the court as heretofore expressed.

■ The provisions of the statute requiring the court to assess damages of not less than $250 against this defendant for an infraction of the law under the extenuating circumstances disclosed in this case is abhorrent to justice; here the court is wholly deprived of the exercise of discretion in the imposition of a fine commensurate with the wrong alleged to have been committed. But there does not seem to be any alternative if the court has correctly interpreted the law and the authorities examined. The plaintiffs attempted to make an amicable settlement with defendant but were unable to do so, consequently they pursued their remedy under the copyright law (17 U.S.C.A. § 25(b). The court therefore feels obliged to assess damages in the sum of $250, and the further sum of $50 as a reasonable attorney's fee, and costs of suit, and accordingly it is so ordered.