## LINDSAY & BREWSTER, Inc., v. VERSTEIN.

### No. 1018.

District Court, D. Maine, S. D.

Nov. 29, 1937.

Harry L. Cram and Reginald H. Harris, both of Portland, Me., for plaintiff.

Henry N. Taylor, of Portland, Me., for defendant.

PETERS, District Judge.

This is a bill in equity brought to restrain infringement of a copyright and for damages.

I find that the plaintiff copyrighted a book or pamphlet of 52 illustrations, adapted to be used for publication in newspapers in connection with reading matter describing the particular business of an advertiser who has contracted for the right to such use.

Upon making a contract a licensee is furnished with a number of copper mats or cuts of these illustrations adapted for printing purposes, to be used separately; each bearing a separate number for the purpose of identification, and each carrying a notice of copyright.

In this case the contract between the parties shows that the defendant purchased of the plaintiff, for $2 each, the right to use 52 of these cuts, for one year, in newspapers published in Augusta and Gardiner, Me. The contract was dated September 15, 1932. About three years after the expiration of his contract, the defendant published, in connection with his advertising, in four different issues of an Augusta newspaper on four different dates, four different illustrations selected from the copper cuts which he had retained in his possession. This suit was brought to restrain further publication, and to recover damages.

The facts are not finally in dispute. The principal question for decision relates to damages. On this point no evidence was presented, nor can I find in the case any basis for a finding of actual damages, and none as to profits which the defendant made. Consequently, I am obliged to assess such damages as shall appear to be just, but my discretion in that respect is restricted and must be within prescribed limitations; that is, the damages must be not less than $250 nor more than $5,000 for each infringement. 17 U.S.C.A. § 25. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499. Douglas v. Cunningham, 294 U.S. 207, 55 S.Ct. 365, 79 L.Ed. 862.

The only question apparently open, and the only one argued in behalf of defendant, is whether there is one infringement here or four. There being four unauthorized publications of different copyrighted illus-

trations by the same person at different times in the same newspaper, I am unable to distinguish this case from Westermann Co. v. Dispatch Co., supra. In that case, without consent or authority of the owner of the copyright, the defendant reproduced and published in a newspaper at different times six different copyrighted illustrations which were devised to be used by a dealer in women's apparel for use in advertising his goods. The court held that this represented six cases of infringement, and held that the statute required a minimum award of damages of $250 in each of the six cases. In that leading case the court held that separate publications, by the same person, of different copyrighted illustrations, as well as separate publications, by different persons, of the same illustration, constitute separate and distinct infringements; leaving open and undecided only the case of separate publications, by the same person, of the same illustration.

 Each of the plaintiff's illustrations here is covered by copyright. Each of the four publications of the different illustrations could have been the subject of a suit for infringement as soon as published. The plaintiff has properly brought one suit for the four violations. That does not change the number of infringements from four to one, and I conclude that there are four infringements rather than one.

As my discretion in the matter of damages is governed by statute, I am obliged to award $250 for each infringement, making $1,000 in all.

 No counsel fees will be awarded, as that is discretionary, and I think the plaintiff can well afford to pay counsel fees out of this award of damages which is larger than I would have awarded if I had full discretion.

A decree will be entered for $1,000 damages and costs. An injunction may also be issued as prayed for.