## ZUCKERMAN v. DICKSON.

### No. 749.

District Court, W. D. Pennsylvania.

Oct. 10, 1940.

On Reargument Dec. 7, 1940.

904

Stonecipher & Ralston, of Pittsburgh, Pa., for plaintiff.

David S. Gifford, of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This is a copyright-infringement case involving an alleged infringement by defendant of two copyrighted publications owned by plaintiff, i. e., "Morticians Prestige Builders." The infringing material was published by defendant in five advertisements of defendant's business as a funeral director in five issues of the Erie Dispatch-Herald, a daily newspaper published at Erie, Pennsylvania, in its issue of October 24 and 31, 1937; November 7, 14, and 21, 1937. The fact of the existence of the copyright and infringement are clearly established by the proofs.

The defense is that defendant had a contract for the use of this material; and that any action by plaintiff must be on the contract, and not for copyright infringement. There is no merit in this contention. The evidence shows that there was a contract between the parties, but that it was cancelled by the defendant at the end of the first year, and that there were no contractual relations existing between the parties at the time of the publication of the advertisements alleged to infringe.

This leads us to the conclusion that we must award damages for infringement. The question is how much the damage should be. The plaintiff contends there were five infringements, and that she is entitled to the minimum award for each of them. The defendant contends that although there were five publications of infringing material in an Erie newspaper, there is one act only of infringement. We are of the opinion this contention is correct. These publications were all incident of one course of conduct. They all occurred within a short time. They ceased as soon as complaint was made. It is our view that they constituted but one infringement within the purview of the minimum-damage clause of the copyright statute, 17 U.S.C.A. § 25(b).

This view finds support in Westermann Co. v. Dispatch Printing Co., 6 Cir., 233 F. 609; Sauer v. Detroit Times Co., D. C. E. D. Mich., 247 F. 687.

We therefore hold that plaintiff is entitled to recover the minimum amount allowed by the statute for one infringement, $250 and costs, together with a reasonable attorney fee, which we fix at $100.

Findings of fact and conclusions of law in accordance with this opinion are filed herewith.

A decree in accordance therewith may be submitted.

### On Reargument.

In our opinion filed herein on October 10, 1940, we held that although there were five publications of the infringing material in an Erie newspaper, there was only one act of infringement. We came to this conclusion on the opinion of the 6th Circuit Court of Appeals, in Westermann Co. v. Dispatch Printing Company, 233 F. 609; Sauer v. Detroit Times Co., D.C.E.D.Mich., 247 F. 687.

Since the opinion was filed, counsel for the plaintiff has called our attention to the fact that the case of Westermann Co. v. Dispatch Printing Co., supra, went to the Supreme Court, and that court reversed the decision of the Circuit Court of Appeals of the 6th Circuit, holding that the seven publications in the newspaper there complained of constituted seven cases of infringement, to each of which the plaintiff was entitled to an award of damages of not less than $250. See Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499.

We, therefore, conclude that we erred in our opinion of October 10, 1940, and now hold there were five separate acts of infringement; and that the plaintiff is entitled to $250 damages in each case, or a total of $1,250.

A decree in accordance with this opinion is filed herewith.