HARMS, INC., a corporation, et al.,
Plaintiffs,
v.
F. W. WOOLWORTH CO., a corporation,
et al., Defendants.

M. WITMARK & SONS et al., Plaintiffs,
v.
MAY COMPANY, a corporation,
Defendants.

Nos. 47-58, 255-57.

United States District Court
S. D. California,
Central Division.

July 16, 1958.

Fink, Levinthal & Lavery, Los Angeles, Cal., by Arthur S. Katz, Los Angeles, Cal., for plaintiff.

Glickfeld & Goldstein, by Irving B. Glickfeld, Los Angeles, Cal., for defendant.

YANKWICH, Chief Judge.

The various motions of the parties, heretofore heard, argued and submitted, are now decided as follows:

(1) The defendants' motion filed March 10, 1958, to dismiss the Complaint in case No. 47-58-Y under Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. for failure to state a claim is hereby denied.

(2) The motions of all the defendants filed on June 23, 1958, to dismiss the complaints in the above two cases, since consolidated, under Rule 12(b) (6) for failure to state a claim are denied.

(3) The motions of the defendants to require the plaintiff to separately state the claims under Rule 10(b), Federal Rules of Civil Procedure, and for a more definite statement under Rule 12(e), Federal Rules of Civil Procedure, are denied.

(4) The motions of the defendants to strike certain portions of the complaints under Rule 12(f), Federal Rules of Civil Procedure, are denied.

(5) The motion of the plaintiff filed May 26, 1958, for a partial summary

judgment under Rule 56(a) and (c), Federal Rules of Civil Procedure, is granted only insofar as it relates to the subject of liability only. The Court deems it inappropriate at this time to segregate other facts which may be left open for determination, as requested in said motion, under Rule 56(d), Federal Rules of Civil Procedure.

Formal findings granting such partial summary judgment to be prepared by counsel for the plaintiff under Local Rule 3(d) (2), West's Ann.Cal.Code.

The defendants are granted thirty days in which to file responsive pleadings to the issues raised by the Complaints other than liability.

#### Comment

■ The Complaints are in the usual form. They sufficiently apprise the defendants of the claim against them (Rule 8, Federal Rules of Civil Procedure; Fed. Rules Civ.Proc. Official Form 17, 28 U.S. C.A.; see, Sidebotham v. Robison, 9 Cir., 1955, 216 F.2d 816, 830–831). As the Complaints in both cases are against so-called "seller defendants", they are in a better position than plaintiff to know in greater detail what, if any, of the musical compositions they have sold.

■■ As to the main issue, liability, the Court adheres to the position stated in the prior opinion in Harms, Inc., v. Tops Music Enterprises, D.C.Cal., 1958, 160 F.Supp. 77. The Court is of the view that Shapiro, Bernstein & Co. v. Goody, 2 Cir., 1957, 248 F.2d 260, correctly expresses the law that persons who sell and distribute records of pirated songs are liable in an independent action under the Copyright Law. The Court chooses to follow that decision rather than the decision on that point in the District Court in the same case. Miller v. Goody, D.C. N.Y.1956, 139 F.Supp. 176. The decision of the Court of Appeals has, at least, the implicit approval of the Supreme Court which, on March 3, 1958, denied certiorari. See, Goody v. Shapiro, Bernstein & Co., Inc., 1958, 355 U.S. 592, 78 S.Ct. 536, 2 L.Ed.2d 529. The argument presented at the hearing that by allowing suit to be brought against manufacturers, the owners of the copyright may be allowed to recover more than the minimum royalty under 17 U.S.C.A. § 101(b) or, even more than the profit that the dealers made, was answered by the Supreme Court in an identical case involving one of the defendants in this case.

In F. W. Woolworth Co. v. Contemporary Arts, 1952, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276, an award of damages in the amount of $5,000 for infringement of copyright on a work of art entitled "Cocker-Spaniel in Show Position" and statutory attorney's fees of $2,000 were granted. Woolworth had purchased the statuettes from another source than the respondent who was the assignee of the copyright. Disposing of the question of liability, the Court said:

"Unbeknown to Woolworth, these dogs had been copied from respondent's and *by marketing them it became an infringer."* 344 U.S. at page 229, 73 S.Ct. at page 223. (Emphasis added.)

To the contention that the "seller" was being held to a measure of liability which greatly exceeded the gross profits which were alleged to have been only $899.16, the Court made this answer:

"Moreover, a rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury, but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy. * * * We think that the statute empowers the trial court in its sound exercise

of judicial discretion to determine whether on all the facts a recovery upon proven profits and damages or one estimated within the statutory limits is more just. We find no abuse of that discretion." 344 U.S. at pages 233-234, 73 S.Ct. at page 225.

This decision quite clearly, considering infringement by a seller to be a tort, gives to the copyright owner, under statutory mandate, a measure of damages greater than the mere licensing fee to which the proprietor of the copyright would have been entitled, had a license been sought. This and later cases decided both under the old and the new statutes recognize a discretion in the courts to determine damages within the maximum and minimum statutory limits, as the Court's sense of justice may determine. (See, L. A. Westermann Co. v. Dispatch Printing Co., 249 U.S. 100, 106–109, 39 S.Ct. 194, 63 L.Ed. 499; Markham v. A. E. Borden Co., 1955, 1 Cir., 221 F.2d 586, 587)

The view thus expressed finds pragmatic support in the fact that the authorized recorder cannot sue, ordinarily, although, in addition to payment of royalties to copyright owners and to recording artists, he may be required, as a condition of recording, to make payment to various trust funds for the benefit of musicians and performers. (See, Note, Copyright, "Neighboring Right", 1958, 43 Cornell Law Quarterly, 476, 484–485)

By recognizing the right to recovery from "sellers", these decisions *aid* copyright protection. So I can find no validity in the argument that a distinction be drawn between the "manufacturers" cases and the "sellers" cases, or that the trial of the "sellers" cases be deferred until the "manufacturers" cases are decided.

■ As to the motion for summary judgment, I adhere to what I said in the prior opinion in the companion case. Harms, Inc., v. Tops Music Enterprises, Inc., supra, 160 F.Supp. at page 85. A restudy of the affidavits leads me to the conclusion that there is no issue as to liability. For the documents before the court show clearly (1) title of the plaintiff to the songs; (2) liability for unauthorized use through the sale by these defendants of records published, without permission of the copyright owners, by Tops Music Enterprises, Inc.

There is also evidence in the affidavits that Tops Music Enterprises, Inc., which produced these unauthorized records, following the decision in Shapiro, Bernstein & Co. v. Goody, supra, entered into an agreement to indemnify the stores which purchased and sold the records. So there is absent even the argument of lack of knowledge pleaded in F. W. Woolworth v. Contemporary Arts, supra, and which the Supreme Court rejected in a brief paragraph which has already been quoted. And the "seller" defendants are represented by the "manufacturers" attorneys. So there is evidently no conflict of interest.

Hence the rulings above made.