NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3891
_____

BROADCAST MUSIC, INC;
JAY-BOY MUSIC CORP.;
EVERGREEN COPYRIGHT ACQUISITIONS/AUDIGRAM, LLC,
d/b/a Audigram Songs, Inc;
CONCORD MUSIC GROUP, INC.,
d/b/a Jondora Music;
BREW MUSIC COMPANY

v.

CROCODILE ROCK CORPORATION,
d/b/a Crocodile Rock Cafe;
SUSAN CLARK;
MELISSA STERNER;
each individually;
JOSEPH CLARK

Crocodile Rock Corporation,
Susan Clark and Joseph Clark,
Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-12-cv-04945
District Judge: The Honorable Michael M. Baylson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 9, 2015

Before: FUENTES, SMITH, and BARRY, *Circuit Judges*

(Filed: October 30, 2015)
_____

OPINION[*]
_____

SMITH, *Circuit Judge.*

This is a copyright infringement case in which Broadcast Music, Inc. (BMI), a copyright licensor with licensing rights to over 8.5 million songs, has sued Crocodile Rock Corporation, *et al,* based on Crocodile Rock's unlicensed public performance of five songs for which BMI holds copyright licensing rights. Crocodile Rock operates the Crocodile Rock Cafe, a nightclub in Allentown, Pennsylvania, featuring live and recorded music. After repeatedly (but ultimately futilely) attempting to convince Crocodile Rock to enter into a licensing agreement, BMI sent an agent to the Cafe on two separate occasions to determine whether Crocodile Rock was playing songs from BMI's repertoire. The agent discovered that one BMI song was performed at a concert in January 2012, the ticket sales for which generated $15,000, and that four other BMI songs were performed at a concert in July 2012, which generated total ticket sales of only $180.

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The District Court granted BMI's motion for default judgment against Crocodile Rock, and awarded BMI $35,000 in statutory damages – $7,000 per infringement – plus more than $67,000 in costs and attorney's fees. The District Court later denied Crocodile Rock's timely motion for reconsideration. Crocodile Rock timely filed this appeal,[1] in which it raises two[2] related arguments for our consideration: first, whether the District Court erred by awarding statutory damages far in excess of the total ticket sales for the concerts where the infringements occurred; and second, whether the District Court was obligated to award only the statutory minimum in damages since the award was based on a default judgment. As explained below, neither argument has merit. We will affirm the District Court's order.

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, instead of an award representing actual damages. 17 U.S.C. § 504(c)(1). Courts have wide discretion in determining statutory damages. *See id.*; *F.W. Woolworth*

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331; this Court has jurisdiction under 28 U.S.C. § 1291.

[2] In its brief, Crocodile Rock enumerated a third issue – whether the District Court erred when it entered default against Crocodile Rock for failure to retain counsel and later refused to remove the entry after Crocodile Rock retained new counsel.

3

*Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952). Indeed, so long as the trial court's statutory damages award falls within the statute's prescribed limits, our review of such award "is even more deferential than abuse of discretion." *Broad. Music, Inc. v. Star Amusements, Inc.*, 44 F.3d 485, 487 (7th Cir. 1995); *see also Woolworth*, 344 U.S. at 232 ("[I]n every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling." (quoting *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106-07 (1919))); *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935) ("[T]he[ ] employment of the statutory yardstick, within set limits, is committed solely to the court which hears the case, and this fact takes the matter out of the ordinary rule with respect to abuse of discretion."). That the infringement was unprofitable will not prevent a court from imposing a damages award anywhere within statutory limits. *Woolworth*, 344 U.S. at 233 ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy.").

Crocodile Rock argues that an award for statutory damages "must have some reasonable rational relation to the actual loss," Appellant Br. 6, and that the District

---

But because Crocodile Rock failed to present an argument in support of the issue, it is forfeited. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

Court's award of $7,000 per infringement lacked such a relation, especially in light of the fact that the damages for the four songs performed at the July 2012 concert ($28,000) "were 155.5556 times" more than the total ticket sales for the concert ($180). *Id.* at 8. To support this proposition, Crocodile Rock points to an opinion from the District of Minnesota remitting a jury's statutory damages award of $62,500 per infringement for 24 instances of non-commercial, willful infringement, and holding that $2,250 per infringement is the maximum permitted by the Due Process Clause. *See Capitol Records, Inc. v. Thomas-Rasset*, 799 F. Supp. 2d 999, 1013-14 (D. Minn. 2011). Besides the fact that this opinion obviously does not control this Court, it lacks any persuasive force as it was overturned on appeal. *See Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) (vacating the district court's judgment and holding that a statutory damages award from a previous jury trial of $9,250 per infringement was consistent with Due Process).[3]

We conclude, therefore, that the District Court acted within its broad

---

[3] Crocodile Rock also argues that a court may not award statutory damages above the statutory minimum when it bases its award on a default judgment. Section 504 contains no such limitation. Rather, as explained above, if the award falls within the limits set by the statute, "the court's discretion and sense of justice are controlling." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952) (quoting *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106-07 (1919)).

discretion in awarding statutory damages of $35,000, and will affirm the order of the District Court denying Crocodile Rock's motion for reconsideration.