**HILL & RANGE SONGS, INC.,**
Plaintiff-Appellee,

v.

**FRED ROSE MUSIC, INC.,**
Defendant-Appellant.

No. 76–1573.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 20, 1977.

Decided and Filed Feb. 2, 1978.

W. Michael Milom, Richard H. Frank, Jr., Barksdale, Whalley, Gilbert & Frank, Nashville, Tenn., Harold Orenstein, New York City, Melville B. Nimmer of Kaplan, Livingston, Goodwin, Berkowitz & Selvin, Beverly Hills, Cal., for defendant-appellant.

John S. Clark, Abeles & Clark, New York City, William F. Carpenter, Goodpasture, Carpenter, Woods & Sasser, Richard D. Speight, Nashville, Tenn., for plaintiff-appellee.

Before WEICK and CELEBREZZE, Circuit Judges, and DUNCAN *, District Judge.

WEICK, Circuit Judge.

The controversy in this appeal concerns the rights of the widow of a deceased copyright author of musical compositions to renew the copyrights for the renewal term thereof upon their expiration, which rights were expressly provided for under the provisions of the copyright law. 17 U.S.C. § 24.[1]

The plaintiff, as assignee of the widow (now Mrs. Berlin), filed suit in the United States District Court for the Southern District of New York, for a declaratory judgment with respect to said renewal rights, and, upon motion of the defendant, said action was transferred to the United States District Court for the Middle District of Tennessee.

There was no controversy over the facts. Many of them were stipulated in the pretrial order and were contained in affidavits, depositions, and exhibits. Both parties filed motions for summary judgment, alleging that there was no dispute over the facts, and the District Judge in a Memorandum Opinion granted summary judgment on all the issues in favor of the plaintiff. The defendant appealed. We affirm.

In the District Court questions were raised over the validity of the widow's common law marriage to the decedent. Their marriage was ceremonial but at a time when her divorce from her prior husband had not become final. She continued to live

---

* The Honorable Robert M. Duncan, Judge of the United States District Court for the Southern District of Ohio, sitting by designation.

1. 17 U.S.C. § 24 provides in part as follows:
. . . [T]he author of such work, if still living, or the widow, widower, or children of the author, if the author be not living, or . . . then the author's executors, or . . . next of kin shall be entitled to a renewal and extension of the copyright in such work for a further term of twenty-eight years when ap-plication for such renewal and extension shall have been made to the copyright office and duly registered therein within one year prior to the expiration of the original term of copyright . . . .
The new copyright law that becomes effective January 1, 1978 does not modify Section 24 as it applies to existing copyrights, other than by extending the renewal term an additional nineteen years, or to a total of forty-seven years. 17 U.S.C. §§ 304(a), (b).

with the decedent as husband and wife after the impediment was removed. These issues were resolved in favor of the widow and are not involved in this appeal.

Hank Williams was the deceased author of the copyrights; he was a country music singer, entertainer, and song writer of considerable popularity during the late 1940's and the 1950's. Williams had authored many musical compositions that became popular and they attained financial success. Williams assigned these compositions to and they were copyrighted by Fred Rose Music or Acuff-Rose Publications, a partnership, and the predecessor in interest of defendant, Fred Rose Music, Inc. (Rose Music). Williams died intestate on January 1, 1953, before the commencement of the period for renewing any of these copyrights. His son by a previous marriage, Randall Hank Williams, assigned his (the son's) interests in the renewal terms of the copyrights of his deceased father to defendant, Fred Rose.

Shortly after the death of Williams, his widow filed suit against Williams' former ·wife in the state court of Louisiana, asserting certain rights as his widow. She filed another suit in the Federal District Court for the Middle District of Tennessee against the former wife and also against the mother of Williams, who had qualified as administratrix of his estate in Alabama, in which she also asserted claims as widow of Williams.

Under date of August 19, 1953 the parties in interest, namely the widow, the mother of Williams as administratrix, the legal guardian of Randall Hank Williams, a minor, and the former wife of Williams, individually and as mother of Randall Hank Williams, and others, entered into an agreement entitled "Agreement Upon Distributive Share of Estate." The obvious purpose of the agreement was to settle the claims of the widow against the estate of her husband.

The defendant contends that by this agreement the widow divested herself of any interest that she may have had in the renewal terms of the copyrights in the musical compositions authored by her late husband. This agreement was not recorded in the Copyright Office until August 16, 1974.

On October 9, 1968 the widow executed an instrument assigning her interest in the renewal copyright terms to Ernest D. Brookins, individually and as agent for an undisclosed principal, who granted an option to Hill & Range Songs, Inc. to acquire such rights on February 4, 1969. On May 28, 1969 the widow and Brookins assigned such rights to Hill & Range Songs, Inc.

The principal issue for the District Court to determine was whether or not the widow, Mrs. Berlin, by entering into the agreement, was divested of her rights to the renewal terms of the copyrights. In making such determination the Court was required to construe the agreement and to determine the intent of the parties, not only from the agreement itself, but also from the testimony of the interested parties and the uncontroverted affidavits.

At the outset it should be noted that the agreement is styled "Agreement Upon Distributive Share of Estate." The widow was paid $30,000 from the funds of the estate as consideration for her executing the agreement; but when she established the validity of her marriage to Williams she would be entitled to a distributive share in her deceased husband's intestate estate as a matter of law, without any such agreement.

■ The widow's interests in the renewal terms of her husband's copyrights were not assets of the estate of her deceased husband. Her interests were statutory rights created by the copyright law. 17 U.S.C. § 24.

■ The defendant relies principally on one isolated provision of the agreement. In any search for the meaning of an instrument, however, its terms are to be interpreted and their legal effects determined by consideration of the agreement as a whole. *Vreeland v. Federal Power Comm'n*, 528 F.2d 1343 (5th Cir. 1976); *Florida Canada Corp. v. Union Carbide & Carbon Corp.*, 280 F.2d 193 (6th Cir.), *cert. denied*, 364 U.S. 902, 81 S.Ct. 234, 5 L.Ed.2d 194 (1960).

■ In case of any ambiguity it must be resolved against divestment of property or rights belonging to the widow, which are not part of the assets of the estate.

■ It is also noteworthy that there is no provision in the agreement for assignment of renewal terms of copyrights, title to which was vested in the widow. Renewal rights in copyrights were not even mentioned, and were not known to exist, either by the widow or by the other parties to the agreement.

The transfer of renewals cannot be implied by the use of general terms in the instrument. *Edward B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.,* 255 F.2d 518 (2d Cir.), *cert. denied,* 358 U.S. 831, 79 S.Ct. 51, 3 L.Ed.2d 69 (1958).

■ The agreement could hardly be construed as evidencing an intent of the widow to assign her renewal rights when no assignee is named in the agreement.

The District Court, in its Memorandum Opinion, in an endeavor to ascertain what the parties to the agreement intended, stated:

> In ascertaining whether the parties intended the instrument in question to be a transfer of the contingent expectancy of Mrs. Berlin in the copyright renewals, the court has considered the following to be the pertinent facts:
>
> 1. On January 2, 1953, the estate of Hank Williams had no interest in the copyright renewals.
>
> 2. On January 2, 1953, the expectancy itself *already belonged to Mrs. Berlin,* and if she were alive in 1971 and thereafter, she could apply for her one-half (½) interest in the renewal terms.
>
> 3. On January 2, 1953, the creditors of Hank Williams could not reach the expectancy.
>
> 4. The August 19, 1953 agreement was by its own language dealing with the assets of the estate of Hank Williams.
>
> 5. The funds ($30,000) paid to Mrs. Berlin had their origin in the Hank Williams estate.
>
> 6. The agreement had as its purpose the settlement of claims against the estate of Hank Williams.
>
> 7. No wording appears therein dealing with the separate assets of Mrs. Berlin.
>
> 8. The agreement makes no provision as to where the allegedly conveyed expectancies were to be vested.
>
> 9. Alternatively, if Mrs. Berlin were only releasing them, there is no provision in the agreement as to whether they would exist in a vacuum, be extinguished or accrue to the benefit of another statutory beneficiary.
>
> 10. Mrs. Berlin had no knowledge of the existence of, or of her ownership of, the separate contingent rights of expectancy which had been granted her by Congress.
>
> 11. The other parties to the agreement did not have this knowledge.
>
> 12. The separate interests of Mrs. Berlin were neither mentioned nor discussed during the negotiations which consummated in the execution of the August 19, 1953 agreement.
>
> 13. No party to this agreement bothered to record the instrument as an assignment within three months of its execution, as was required by 17 U.S.C.A. § 44.[9]

[9] This section is now 17 U.S.C.A. § 30. Also, see *Rossiter v. Vogel* [134 F.2d 908 (2d Cir. 1943)].

At the time of the negotiation and execution of the August 19, 1953 agreement, Mrs. Berlin's contingent expectancy was not something which would, in the future, be granted to her by virtue of her interest in the estate of Hank Williams. It was her separate property, something which *already* belonged to her, which became hers prior to the time the agreement at issue was being conceived, negotiated and executed. The August 19, 1953 agreement in no way purports to convey, or even deal with, the separate property of Mrs. Berlin.

The court is of the opinion that the parties to the August 19, 1953 agreement did not intend to convey, transfer or assign the renewal expectancy. While it

may be possible for the possessor of a contingent expectancy in copyright renewals to assign this interest by the use of general language, it must be shown that this is what the parties to the assignment intended. It is patently obvious that Mrs. Berlin could not have intended in the 1953 agreement to convey rights which she did not even know existed.

This court can only conclude that the agreement of August 19, 1953, was not intended to, and thus did not, affect the separate assets of Mrs. Berlin. Her expectancy of renewal to the copyrights was not released, conveyed or assigned by this instrument.

We are of the opinion that the factual findings of the District Court are supported by substantial, if not by uncontroverted, evidence and they are not clearly erroneous. The Court's conclusions of law are correct.

We agree with the District Judge, for the reasons stated by him, that the widow was neither barred nor estopped from asserting any interest in the renewals by reason of prior litigation.

We find no merit in the claim of defendant that it was improper for the District Court after it had advised counsel that it had decided all issues in favor of plaintiff to request counsel for the plaintiff to assist in the preparation of the final memorandum. Defense counsel made no objection to this procedure. The case involved technical copyright law, with which general practitioners are not ordinarily familiar.

The Court had previously prepared a draft of its Memorandum, which it furnished to plaintiff's counsel, together with various research notes. The Court made extensive changes in the final draft prepared by the attorney for plaintiff.

We do not approve of any practice of requesting counsel for one of the parties to assist in the preparation of the Judge's opinion, but we find no prejudice to the defendant in the present case. It is not unusual for the court in a non-jury case to request counsel for both parties to submit proposed findings of fact and conclusions of law, and to adopt verbatim those submitted by one of the counsel.

The question is whether the factual findings and conclusions of law adopted by the Court are supported by substantial evidence, and if they are, it makes no real difference which counsel submitted them. In the present case we have held that the findings of fact of the District Court were supported not only by substantial evidence, but also by uncontroverted evidence. *See United States v. El Paso Natural Gas Co.,* 376 U.S. 651, 656, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964); *United States v. Crescent Amusement Co.,* 323 U.S. 173, 184–85, 65 S.Ct. 254, 89 L.Ed. 160 (1944); *Schwerman Trucking Co. v. Gartland S. S. Co.,* 496 F.2d 466, 474–75 (7th Cir. 1974); *In Re Las Colinas, Inc.,* 426 F.2d 1005, 1009–10 (1st Cir. 1970); *O'Leary v. Liggett Drug Co.,* 150 F.2d 656, 667 (6th Cir.), *cert. denied,* 326 U.S. 773, 66 S.Ct. 232, 90 L.Ed. 467 (1945).

The judgment of the District Court is affirmed.