Lucy SAROYAN and Aram
Saroyan, Plaintiffs,

v.

WILLIAM SAROYAN
FOUNDATION, Defendant.

No. 87 Civ. 1170 (LFM).

United States District Court,
S.D. New York.

Dec. 18, 1987.

Summit Rovins & Feldesman by Herbert P. Jacoby, New York City, for plaintiffs.

Damir & Ahlquist by Robert M. Damir, San Francisco, Cal., and Ford Marrin Esposito & Witmeyer by Michael L. Anania, New York City, for defendant.

## OPINION

MacMAHON, District Judge.

Plaintiffs move to strike defendant's affirmative defenses as insufficient and for summary judgment, or, if these motions fail, for a protective order, pursuant to Rules 12(f), 56(a) and 26(c), Fed.R.Civ.P.

## BACKGROUND

Plaintiffs, Lucy and Aram Saroyan, brought this action for declaratory judgment to determine ownership of the renewal copyright for a play entitled *The Cave Dwellers*, written by their father, William Saroyan ("Saroyan") and copyrighted in his name in 1958.

Saroyan authored several hundred works, including a Pulitzer Prize-winning play and an Academy Award-winning screenplay. He died in 1981, having divorced plaintiffs' mother some time earlier.

Saroyan willed certain real property and $150,000 to his children and sister. The rest of his estate, including "all copyrights, rights to copyright and literary property in published or unpublished work," was left to defendant William Saroyan Foundation ("the Foundation"), a trust charged with maintaining the William Saroyan Collection of his writings and with disbursing its in-

come to charitable and educational activities.

In 1986, following the expiration of the original twenty-eight-year term, plaintiffs renewed the copyright to *The Cave Dwellers* in their names. Asserting that plaintiffs were estranged from their father prior to his death, the Foundation disputed their claim to renewal rights and directed both the authorized publisher and the play's licensing agent to continue remitting royalties to the Foundation. In response, plaintiffs filed this action seeking a declaratory judgment that they are the sole owners of the renewal copyright.

The Foundation's answer admits all material allegations of the complaint except those pertaining to citizenship and the filing of the renewal certificate, but alleges six affirmative defenses, all based on the foundation's view of Saroyan's testamentary intent, equitable grounds, and legislative intent. Essentially, the Foundation contends that the alleged estrangement forecloses plaintiffs' claims as "children" within the meaning of the term as used in the copyright renewal provision. Defendant also contends that public policy dictates

that the Foundation's charitable purposes should prevail over plaintiffs' private interests. In an attempt to support these defenses, the Foundation seeks extensive discovery of the relationship between Saroyan and plaintiffs, especially during the last years of his life.[1]

The Foundation opposes the instant motions [2] claiming sixteen issues of disputed fact, all of which relate to its defenses.[3] We turn now to the question of whether any of the defenses raise material issues of fact or fail to do so. Put another way, whether all are insufficient in law and therefore immaterial.

## DISCUSSION

Summary judgment is appropriate when "the pleadings ... and ... the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] Material facts are "facts that might affect the outcome of the suit under the governing law."[5] Legislative history and statutory interpretation are questions of law appropriately decided on a motion for summary judgment.[6]

---

1. The following excerpts illustrate defendant's discovery requests:
   "You considered that your father's very soul emitted black poisons." Defendant's First Request for Admission of Facts directed to Aram Saroyan ¶ 7.
   "When you attempted to visit your father in April 1981, after catching the aroma of the perfume you were wearing, he told you that your stench was killing him faster than the cancer." Defendant's First Request for Admission of Facts directed to Lucy Saroyan ¶ 4.
   "Identify each document in the possession or control of third parties that tends to support the premise that your relationship with your father, between January 1, 1954 and the date of his death was other than a loving, caring, considerate and compassionate relationship between father and offspring." Defendant's First Set of Interrogatories.

2. Plaintiffs originally brought the motion to strike defendant's six affirmative defenses under Rule 12(b)(6). In their reply brief, plaintiffs conceded the inappropriateness of using Rule 12(b)(6) to strike defenses and requested that the motion be considered as having been brought under Rule 12(f) to strike defenses. The motion also could have been brought under Rule 12(c) for judgment on the pleadings, as plaintiffs seek to strike all of defendant's defens-

es. *See* J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.11 (2d ed. 1985).
   Plaintiffs' label for their motion matters little because the simultaneous motion for summary judgment provided defendant with notice of both the substance of plaintiffs' attack on its defenses and the potentially dispositive nature of that attack. Moreover, defendant availed itself of the "reasonable opportunity to present all material made pertinent to such motion by Rule 56" by submitting affidavits. We therefore focus our attention on the merits of plaintiffs' summary judgment motion.

3. Defendant disputes only one issue of fact directly relating to the complaint, the value of the play. That issue is patently immaterial in this action.

4. Rule 56, Fed.R.Civ.P.

5. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

6. *Oklahoma ex rel. Department of Human Services v. Weinberger*, 741 F.2d 290, 291 (10th Cir.1983). *See also Edwards v. Aguillard*, —— U.S. ——, ——, 107 S.Ct. 2573, 2583, 96 L.Ed.2d 510 (1983) (legislative purpose determined on motion for summary judgment).

The governing statute, Section 304(a) of the Copyright Act of 1976, 17 U.S.C. § 304(a) (1982),[7] provides, in pertinent part:

[T]he author of [a copyrighted] work, if still living, or the widow, widower, or children of the author, if the author be not living, or if such author, widow, widower, or children be not living, then the author's executors, or in the absence of a will, his or her next of kin shall be entitled to a renewal and extension of the copyright in such work....

Plaintiffs' motions to strike and for summary judgment require a determination as to whether any of the Foundation's defenses, if true, would defeat the statutory renewal right of plaintiffs. We conclude that none would.

■ There is nothing in the plain language and structure of § 304(a) to indicate any basis for denying renewal rights to an author's surviving children. The Foundation's novel grounds for attacking plaintiffs' renewal rights run afoul of the uniform treatment of § 304(a)'s clauses as a non-discretionary order of renewal rights. *See Miller Music Corp. v. Daniels, Inc.,* 362 U.S. 373, 376–77, 80 S.Ct. 792, 795–96, 4 L.Ed.2d 804 (1960) (renewal provision of Copyright Act creates hierarchy of "contingent renewal rights;" executor takes only if author's spouse and children are not living); *De Sylva v. Ballentine,* 351 U.S. 570, 576, 76 S.Ct. 974, 978, 100 L.Ed. 1415 (1956) ("Each of these named classes is separated in the statute by a condition precedent to the passing of renewal rights, namely, that the persons named in the preceding class be deceased."); *Capano Music v. Myers Music, Inc.,* 605 F.Supp. 692, 695 (S.D.N.Y.1985) (renewal rights pass according to statutory priority, not under the usual rules of testamentary succession); 2 M. Nimmer, *Nimmer on Copyright* § 9.04 at 52 (1987) ("An author in effect is required by statutory mandate to leave the

right to obtain renewals to his widow and children if he has any."); W. Patry, *Latman's The Copyright Law* 94 (1986) (renewal rights are "given directly to designated beneficiaries in a specified order of preference. Hence the author cannot bequeath his contingent rights to renew ... or bind the surviving beneficiaries to renew on behalf of someone designated by him in a prior contract."); Kupferman, *Renewal of Copyright,* 94 Colum.L.Rev. 712, 719 (1944) ("the rights of the spouse and child are superior to those of the executor, and the statute, in effect, creates for them a non-barrable share in the author's estate, contingent solely upon survival"). These authorities require the conclusion that the bequest of renewal rights to the Foundation was without effect because the renewal rights never became part of the estate. They also render immaterial allegations by defendant of a stormy relationship between plaintiffs and their father. This result is fortified by court decisions holding that widows who remarry and illegitimate children meet the statutory definition, thereby precluding executors' renewal rights.

In *Hill & Range Songs, Inc. v. Fred Rose Music, Inc.,* 403 F.Supp. 420 (M.D. Tenn.1975), *aff'd,* 570 F.2d 554 (6th Cir. 1978), the court rejected defendant's argument that a remarried widow was not a widow within the meaning of the renewal provision of the Copyright Act. The court based its decision on a review of the legislative history that "failed to reveal any evidence of a limiting intent with regard to the term 'widow.'" 403 F.Supp. at 428.[8] In *De Sylva v. Ballentine, supra,* the Supreme Court ruled that illegitimate children were "children" for purposes of the renewal provision. The Court determined that the children need only establish their biological relationship and a recognized status under state law to qualify. 351 U.S. at 580–81, 76 S.Ct. at 979–80. In the instant

---

7. Section 304(a) reenacted the renewal provision of the Copyright Act of 1909, 17 U.S.C. § 24, without any substantive change. See 2 M. Nimmer, *Nimmer on Copyright* § 9.03 at 9–25 n. 6 (1987).

8. See also *Edward B. Marks Music Corp. v. Borst Music Pub. Co.,* 110 F.Supp. 913, 918 (D.N.J. 1953) (rejecting argument that remarriage bars widow's renewal rights: "[n]o such restriction is expressed or implied in the wording of the Act nor does any recorded case under the Act lend support to the theory.").

case, neither of these aspects has been challenged by the Foundation. Rather, the Foundation argues that plaintiffs must show additional elements to establish renewal rights.

■ The Foundation's theory, that Congress intended renewal rights to flow only to "dependent relatives," finds no support in the legislative history of the Copyright Act. Defendant contends that two passages—one from a Copyright Office study [9] and the other from the Senate Committee Report [10]—make "it clear that 'children' as envisioned in the copyright statutes, were envisioned as dependent minors, not adults who are independent." We disagree. The language of the study, in context, reflected congressional concern that assignments by the author should not deprive family members of renewal rights.[11] Thus, the passage underscores the Senate Committee's decision to provide renewal rights for an author's family, regardless of the author's own wishes, by setting up "a schedule of successive classes of persons who were entitled to take the renewal as 'a new personal grant of a right.'"[12]

Nor does the Senate Committee Report support the Foundation's theory. The portion of the Report relied on by defendant discusses the considerations in setting the length of the initial copyright term.[13] The Committee's only reference to the priority of renewal applicants concerned whether anyone other than the spouse and children of a deceased author should be permitted to renew his copyright.[14] Congress ultimately resolved the issue in favor of permitting renewal by beneficiaries designated by an author in his will, but only if the author was not survived by his wife or children.[15] Thus, whatever the motivation for the statutory order of renewal applicants, Congress clearly intended that it be nondiscretionary.[16]

The Foundation's "dependent relative" gloss on § 304(a) categories also conflicts with the remarried widow cases discussed above. Clearly, the remarried widows would fail to satisfy defendant's financial dependency criteria. Nonetheless, the remarried widows were held to have met the renewal provision requirements.

As to defendant's other attempts to circumvent the operation of the renewal provision, we can only echo the Supreme Court's rejection of a similar appeal to a hitherto undiscovered congressional purpose in *De Sylva v. Ballentine, supra.* There, petitioner argued that the clause "widow, widower, or children of author" was ambiguous; that Congress, "contemplating the normal situation of a widow taking care of her children, gives the widow exclusive control of the copyright on the author's death since she is presumably more capable of dealing with it and will more likely be in need of the copyright income," and therefore that the author's illegitimate children should receive no renewal rights during the life of the author's widow. 351 U.S. at 578–79, 76 S.Ct. at 978–79. The Court refused to "transfuse the statute with a gloss of its own choosing" and held that the widow and all children took as a class. 351 U.S. at 579, 76 S.Ct. at 979. We, too, must respect the plain language of the statute.

That Congress intended a broad and unqualified meaning to the term "children" is further indicated by the definition provided

9. B. Ringer, *Renewal of Copyright* (1960), reprinted in 1 *Studies on Copyright* 503, 521 (1963).

10. S.Rep. No. 6187, 59th Cong., 2d Sess. 6 (1907).

11. *See* B. Ringer, *supra,* at 521 & n. 129 (citing S.Rep. No. 6187, 59th Cong., 2d Sess. 8 (1907)).

12. *Id.* at 521.

13. S.Rep. No. 6187, 59th Cong., 2d Sess. 6 (1907).

14. *See id.* at 8.

15. *See* S.Rep. No. 1108, 60th Cong., 2d Sess. 15 (1909); H.R.Rep. No. 2222, 60th Cong., 2d Sess. 15 (1909).

16. *See Miller Music Corp. v. Daniels, Inc.,* 362 U.S. 373, 376–77, 80 S.Ct. 792, 795–96, 4 L.Ed.2d 804 (1960) (discussing legislative history of renewal provision).

elsewhere in the Copyright Act: "A person's children are that person's immediate offspring, whether legitimate or not, and any children legally adopted by that person." [17]

In light of the unqualified language and uniform interpretation of the renewal provision of the Copyright Act as non-discretionary, defendant's plea that we read new individualized criteria into the statute must fail. Plaintiffs' motion for summary judgment should therefore be granted. This result renders decision of plaintiffs' other motions unnecessary.

■ Accordingly, plaintiffs' motion for summary judgment is granted; between the parties, plaintiffs Lucy Saroyan and Aram Saroyan are the sole owners of the United States renewal copyright in the play *The Cave Dwellers* and defendant Foundation has no interest therein. Defendant Foundation is directed to account for and pay over to plaintiffs all income derived from *The Cave Dwellers* since January 1, 1987, when the renewal copyright commenced.

Settle order within ten (10) days in accordance with the foregoing and providing for the appointment of a Special Master to hear, take an accounting, report and recommend to the court.