Hodge E. MASON and Hodge E. Mason Engineers, Inc., Plaintiffs,

v.

MONTGOMERY DATA, INC., et al., Defendants.

Civ. A. No. H–88–3135.

United States District Court, S.D. Texas, Houston Division.

June 1, 1990.

Baker & Botts, Martin L. McGregor, Houston, Tex., for plaintiffs.

James B. Gambrell and Marc L. Delflache, Houston, Tex., for Montgomery Data.

Lionel M. Schooler, Houston, Tex., for Landata, Inc. of Houston.

## MEMORANDUM OPINION

HOYT, District Judge.

Plaintiffs Hodge E. Mason and Hodge E. Mason Engineers, Inc. have filed suit contending copyright infringement pursuant to Copyright Act of 1976, as amended, 17 U.S.C. §§ 101–914 (1977 and Supp.1990) (hereinafter referred to as 1976 Act) and seeking statutory damages pursuant to sec. 504(c) of the 1976 Act. Plaintiffs contend that defendants infringed 234 of their copyrights and are seeking damages in the amount of $11,700,000.

Defendants have moved for partial summary judgment. Three motions are before the Court (instrument numbers 44, 46, and 63). The three motions present only two issues: 1) whether the 1987 registrations of copyrights in map sheets first published in 1968 and during the 1970's would bar recovery of statutory damages and 2) whether statutory damages are recoverable for only two infringements because the 234 separate registrations are in fact part of two compilations. These two issues will be referred to as the first motion and second motion, respectively. Having considered the motions and responses thereto, the record on file, and the applicable law, the Court is of the opinion that partial summary judgment should be granted as to the first motion, rendering the second motion moot.

## FACTUAL BACKGROUND

In 1967, Plaintiffs began creating land ownership maps for Montgomery County, Texas based upon United States Geological Survey maps and using title data obtained from public records as well as data supplied by an agreement with Conroe Title & Abstract Co., Inc., a defendant herein. By July 1969, 118 individual map sheets that Plaintiffs created were published with copyright notices. The map sheets contain identification, location, and relative position, size, and shape of land grants and real property in Montgomery County and representations of survey lines, tract boundaries, identification of deeds, abstract numbers, and other information that was allegedly Plaintiffs' original work of authorship.

Plaintiffs made revisions to the original map sheets, and 115 revised map sheets were published with copyright notices during the period from 1970 to 1980.

Plaintiffs contend that Defendants made an unauthorized derivative edition of the original maps by cutting and pasting Plaintiffs' copyrighted map sheets into new configurations. The Defendants then copied the surveys, tract boundaries, topography, and other features from Plaintiffs' copyrighted maps on transparent overlays. Defendant Landata, Inc. of Houston ("Landata") had bought a set of Plaintiffs' pre-registered map sheets in a public store for use without any constraints. Landata then did its own updating of the map sheets for distribution by Defendant Montgomery Data, Inc. ("MDI") to its subscribers. Plaintiffs learned of this activity in September 1985, when Landata sought permission, which was denied, to use the copyrighted map sheets in a computer title plant to be made available to other title companies.

Registration of Plaintiffs' copyright in one original map sheet was filed in October 1968 (copyright certificate F 47925); copyrights in the remaining 117 original map sheets were registered in October 1987. Registrations of the copyrights in the 115 revised maps were filed in October, November, and December of 1987.

## SUMMARY JUDGMENT

Summary judgment is appropriate when there is evidence on file that specifically shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Resolution of the two issues presented depends on this Court's interpretation of the applicable provisions of the 1976 Act. It is the function of the courts to interpret statutes in a way that effectuates the disclosed intent of Congress. *Sutton v. United States*, 819 F.2d 1289, 1292 (5th Cir.1987). In determining legislative intent, consideration is given to the plain wording of the statute as well as to the language and design of the statute

as a whole. *See Nupulse, Inc. v. Schlueter Co.*, 853 F.2d 545, 548–49 (7th Cir.1988) (citing *K–Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988)). If the intent of Congress is not disclosed on the face of the statute, and the intent appears ambiguous, then legislative history of the statute must be considered. *American Trucking Associations, Inc. v. Interstate Commerce Commission*, 659 F.2d 452, 459 (5th Cir.1981), *cert. denied*, 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 493 (1983).

■ It is clear that legislative history and statutory interpretation are questions of law that are properly decided on a motion for summary judgment. *Saroyan v. William Saroyan Foundation*, 675 F.Supp. 843, 844 (S.D.N.Y.1987), *aff'd*, 862 F.2d 304 (2d Cir.1988). *See Tarka v. Franklin*, 891 F.2d 102, 105 (5th Cir.1989); *Oklahoma ex rel. Department of Human Services v. Weinberger*, 741 F.2d 290, 291 (10th Cir.1983).

Statutory damages under the 1976 Act are recoverable pursuant to sections 504(c) and 412(2). Section 504(c)(1) provides as follows:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $500 or more than $20,000 as the court considers just. For the purpose of this subsection, all the parts of a compilation or derivative work constitute one work.

Section 412(2) provides that neither statutory damages nor attorney's fees are available for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."

## BELATED REGISTRATIONS

The issue in the first motion is whether Plaintiffs' late registrations would bar recovery of statutory damages, if there is an ultimate finding of infringement. Defendants assert that pursuant to sec. 412(2) of the 1976 Act, there is no entitlement to statutory damages as provided in sec. 504(c) for infringements of 233 of the copyrights because registration did not take place until more than three months after their publication. The plain language of sec. 412(2) means that no statutory damages would be available, in the instant case, because infringement began after the various publication dates in 1968 and in the 1970's but before registration in 1987. It is clear that the registrations did not occur until more than three months after the first publication.

■ In addition to the plain language of sec. 412(2) of the 1976 Act, Defendants rely on the holding in *Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399 (2d Cir.1989). Where a work is not registered until after the infringement, the copyright holder is not eligible for statutory damages and is limited to actual damages and profits under sec. 504(b) of the 1976 Act. *Id.* at 404. Furthermore, where the alleged infringing activity commences prior to the registration of a copyright, the copyright claimant may not claim statutory damages for continued post-registration activity. *See Singh v. Famous Overseas, Inc.*, 680 F.Supp. 533, 536 (E.D.N.Y.1988); *Johnson v. University of Virginia*, 606 F.Supp. 321, 325 (W.D.Va. 1985). A "new" or "separate" basis for the award of statutory damages is created, however, only where there is a difference between pre- and post-registration infringing activities. *Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc.*, 609 F.Supp. 1325, 1331 (E.D.Pa.1985), *aff'd on other grounds*, 797 F.2d 1222 (3d Cir. 1986), *cert. denied*, 479 U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 831 (1987).

■ Plaintiffs concede that no statutory damages can be awarded for pre-registration infringements, but they contend that a distinction exists between pre- and post-re-

gistration infringements. Plaintiffs accuse Defendants of revising, copying, and distributing overlays in 1985, 1988, and 1989. Because these activities were not of a continuous nature, Plaintiffs urge application of the doctrine of multiple infringements. Under this doctrine, where a party has committed many widely separated, distinct acts of infringement commencing after registration of the copyrights, then statutory damages must be awarded if Plaintiff so elects. In arguing for the application of this doctrine, Plaintiffs rely on a number of cases decided under the Copyright Act, ch. 320, 35 Stat. 1075 (1909) (current version at 17 U.S.C. § 101 *et seq.* (1977)) (hereinafter 1909 Act). *See e.g., Westermann v. Dispatch Printing Co.,* 249 U.S. 100, 39 S.Ct. 194, 63 L.Ed. 499 (1918); *Universal Statuary Corp. v. Gaines,* 310 F.2d 647 (5th Cir.1962). In urging application of the 1909 Act, which did not contain sec. 412(2), rather than the 1976 Act, Plaintiffs argue that the doctrine of multiple infringements makes better sense because the copyright holder is not penalized for continued infringement following registration.

■ Plaintiffs would have us believe that because sec. 412(2) does not mention post-registration infringements, the statute is ambiguous. The plain language of the statute does not reveal that Congress intended to distinguish between pre- and post-registration infringements. Where there is an allegation of ambiguity in a statute, one looks also to the legislative history but does not resort to previous, superseded legislation. This Court must therefore examine the legislative history of the applicable statute.

When one considers the legislative history behind sec. 412(2), the doctrine of multiple infringements does not make better sense. Although copyright registration is not required under the 1976 Act, Congress clearly recognized a need for registration and sought to encourage prompt registration by denying statutory damages in cases of belated registration. Moreover, it is clear that Congress did not intend for the doctrine of multiple infringements to be applicable in cases arising under the 1976

Act. By enacting sec. 412, Congress sought to establish registration as a prerequisite to the extraordinary remedy of statutory damages and provided that this remedy is to be denied where infringement commences before registration. The only exception Congress provided was to allow for a grace period to take care of newsworthy or suddenly popular works which could be infringed before the copyright owner has a reasonable opportunity to register his claim. H.R.Rep. 1476, 94th Con.2d Sess., *reprinted in* 1976 U.S.Code Cong. & Admin.News 5659, 5774.

■ Taking Plaintiffs' argument to its logical conclusion would mean another exception would be needed by inserting the words "and continues after registration" to sec. 412(2). Considering that Congress was seeking to provide an incentive, in the form of statutory damages, for prompt registration, this Court cannot discern a need for the language "and continues after registration". Interpreting "commencement of infringement" in a way most in keeping with congressional intent is the duty of this Court. *See Sutton,* 819 F.2d at 1295. This Court, therefore, interprets the words "commencement of infringement" to mean the first act of infringement in a series of on-going separate infringements. *See Whelan,* 609 F.Supp. at 1331. In the instant case, a new copyright infringement has not commenced each time defendants have used any of the map sheets.

■ Plaintiffs' arguments are not acceptable, because Defendants are accused of committing the same activity each time, for the same purpose, and using the same copyrighted material. The acts of alleged infringement clearly constitute a series of on-going separate infringements, with the first act occurring before registration, with registration occurring more than three months after first publication. In the *Singh, Johnson,* and *Whelan* cases, *supra,* defendants committed infringements before registration; in the case at bar, defendants allegedly infringed also before registration. This Court agrees with the reasoning expressed in those cases that there

is no incentive to register early if the owner may obtain statutory damages for acts of infringement continuing after belated registration.

Plaintiffs further argue that the copyright owner is penalized and the infringer is favored by application of the 1976 Act. The penalty, however, is imposed by delayed registration and the copyright owner penalizes himself by not promptly making a public record of his copyright claim. The copyright holder is still permitted, however, to recover actual damages plus any applicable profits not used as a measure of damages. Sec. 504(b), 1976 Act. Plaintiff has filed this lawsuit pursuant to the 1976 Act and it is clearly the applicable statute; it is curious, however, that Plaintiffs now seek application of the 1909 Act. When considering the legislative history as set forth in H.R.Rep. 1476 and the reasoning already set forth on this issue in other districts, Plaintiffs' position is totally untenable.

Plaintiffs first became aware of Defendants' alleged infringement in 1985, but Plaintiffs did not register their map sheets until 1987 even though they had been published more than 8 years before registration. Plaintiffs are therefore not entitled to statutory damages for any continued infringement, by Defendants herein, because of the late registrations of their copyrights. The first motion should be granted.

## TWO COMPILATIONS

In the second motion, Defendants contend that statutory damages are recoverable for only two infringements, because the 234 registrations are part of two compilations. This motion is moot because of the Court's ruling on the first motion that Plaintiffs are not entitled to statutory damages due to the belated registrations.

Defendants contend that Plaintiffs published one compilation, consisting of 118 registrations, in 1968 and a second compilation, consisting of 115 registrations, in 1972. If this Court were to find that there were indeed two compilations, statutory damages would not be allowed because the compilations were published and infringe-

ments commenced before registration. On the other hand, if this Court were to find that Defendants would be liable for 234 infringements, an award of statutory damages could only be imposed for infringement of the one registration made at the time of first publication.

## CONCLUSION

It is the finding of this Court that upon proof of infringement, Plaintiffs may be entitled to statutory damages for the one map sheet registered in 1968 (copyright certificate F 47925). As for the remaining 233 registrations, upon proof of infringement, Plaintiffs' recovery will be limited to actual damages and Defendants' profits.

It is therefore ORDERED that the first motion for partial summary judgment (instrument numbers 44 and 46) be, and the same is hereby, GRANTED. The second motion (instrument number 63) is MOOT.