**STOKES SEEDS LIMITED, Plaintiff,**

v.

**GEO. W. PARK SEED CO., INC., Defendant.**

**GEO. W. PARK SEED CO., INC., Counterclaimant,**

v.

**STOKES SEEDS LIMITED, Counterdefendant.**

**No. CIV–90–1218E.**

United States District Court, W.D. New York.

Dec. 31, 1991.

Peter K. Sommer, Buffalo, N.Y., for Stokes Seeds Ltd.

Tricia T. Semmelhack, Buffalo, N.Y., for Geo. W. Park Seed Co., Inc.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

Plaintiff Stokes Seeds Limited ("Stokes") brought this action "for a declaratory judgment as to whether plaintiff has infringed a copyright registration allegedly owned by defendant, and, if so, to determine the extent of plaintiff's monetary liability to defendant." Complaint (filed November 20, 1990), ¶ 1. Jurisdiction is asserted under 28 U.S.C. § 2201 (declaratory judgments), 28 U.S.C. § 1338 (copyright actions) and 28 U.S.C. § 1332 (diversity of citizenship).[1] Complaint, ¶¶ 5, 7. Defendant Geo. W. Park Seed Co., Inc. ("Park"), having answered and counterclaimed for copyright infringement—*see* Answer (filed February 22, 1991)—, has presently moved for summary judgment as to the validity of its copyright, the infringement thereof and certain issues pertinent to the measure of damages set forth with greater particularity hereinafter.[2]

Park is one of North America's leading producers and sellers of horticultural seed and related products. *See* Affidavit of William J. Park in Support of Motion for Sum-

---

**1.** Stokes is incorporated in Ontario, Canada, and has its principal place of business there. Geo. W. Park Seed Co., Inc. is a South Carolina corporation with its principal place of business in Greenwood, S.C. Complaint, ¶¶ 2, 3. In light of the discussion which follows, it is interesting to note that Stokes alleges the amount in controversy exceeds $50,000. *Id.,* ¶ 7.

**2.** Stokes has admitted the validity and its infringement of Park's copyright. *See* Stokes's response to Park's Motion for Partial Summary

Judgment (filed September 5, 1991), p. 3. Hence, Park's motion for summary judgment will be granted insofar as it seeks a finding that its copyright registration numbered TX 198–709 is both valid and infringed. *See* Motion for Summary Judgment (filed August 15, 1991), ¶¶ 1, 2. The true bone of contention on the present motion is whether Park is entitled to a single award or multiple awards of statutory damages under 17 U.S.C. § 504(c)(1).

mary Judgment (filed August 15, 1991) ("Park Affidavit"), ¶ 1. As part of its operations, Park created a portfolio of photographs of the emerging seedlings of various plants. Park claims to have invested considerable time and energy into this undertaking and regards each such photograph as an individual work of art and separately copyrightable. *Id.*, ¶¶ 2–6. Care was taken in the selection of photographic angles and the levels of light so that the photographs would accurately reflect the seedlings' appearances. *Ibid.* In this manner, Park claims to have created "an invaluable aid to seed growers." *Id.*, ¶ 6.

Park's photographs are printed in two books: *Park's Success with Seeds*, first published in 1978, and *Park's Success with Herbs*, first published in 1980. *Id.*, ¶ 7. Copyright registrations were obtained for each such book, but separate registrations were not obtained for the individual photographs contained therein. *Id.*, ¶ 13. Park does not claim that it has ever reproduced or printed the photographs independently of the books. However, advertisements for the books have made some limited mention of the photographs. *Id.*, ¶ 8.

Stokes competes with Park in the seed business. *Id.*, ¶ 14. Although a Canadian company, Stokes evidently does business in New York and others of the United States. *Ibid.* Printed on the seed packets Stokes offers for sale to the public are—or were until the recent past—line drawings of seedlings expected from the types of seeds contained in the packets. There presently is no dispute that a number of these line drawings were wrongfully copied or derived from the photographs in *Park's Success with Seeds*, and also no dispute that Park has valid copyrights of *Park's Success with Seeds* and *Park's Success with Herbs*.[3] *See* fn. 2., *supra.* The issue to be confronted herein concerns the number of copyrighted "works" Stokes has infringed. Is each of the individual photographs appearing in *Park's Success with Seeds* a copyrighted work entitling Park to a separate award of statutory damages, or is only the book itself the work? Inasmuch as Park claims that at least 122 photographs were copied—*see* Affidavit of Dr. Morris Bud Nelson (filed September 13, 1991) ("Nelson Affidavit")—the resolution of this question will affect the quantification of the statutory damages recoverable.

Under the Copyright Act of 1976 ("the 1976 Act"), 17 U.S.C. § 101 *et seq.*, a party claiming infringement may elect to forego actual damages in favor of an award of statutory damages:

> "Except as provided by clause 2 of this subsection [which increases the amount of statutory damages recoverable in cases of willful infringement], the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally in a sum of not less than $500 or more than $20,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c)(1).

The final sentence of section 504(c)(1) directs that, if *Park's Success with Seeds* is a "compilation," then all of the photographs contained therein would together constitute but one work for purposes of computing statutory damages.

The 1976 Act defines a compilation as

> "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an origi-

---

**3.** Two of the photographs in question were first published in *Park's Success with Seeds* and later reappeared in *Park's Success with Herbs*. This Court rejects Park's suggestion at page 12 of its brief that each such photograph became two works by virtue of having been twice published. Such argument is inconsistent with Park's position that the photographs themselves are copyrightable works independent of the books in which they appear. For this reason, no further mention of *Park's Success with Herbs* will be made herein.

nal work of authorship. The term 'compilation' includes collective works." 17 U.S.C. § 101.

In turn, "collective work" is defined as "a work, such as a periodical issue, anthology, or encyclopedia, in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." *Ibid.*

█ As already mentioned, Park regards the individual photographs in its book as copyrightable works, separate and independent from the books in which they appear. However, these photographs are assembled into a collective whole in one work, *Park's Success with Seeds*. *Park's Success with Seeds* is therefore a "collective work" under the 1976 Act, and thus also necessarily a compilation.[4] Accordingly, under 17 U.S.C. § 504(c)(1), all of the photographs appearing in the book constitute one work, justifying a single award of statutory damages.

█ Park has made no attempt to explain how its book falls outside of the statutory definitions of collective work and compilation. Instead, Park argues that its book was not classified as a compilation by the Register of Copyrights and that the copyright registration certificate is *prima facie* evidence that *Park's Success with Seeds* is not a compilation. *See* Memorandum of Law in Support of Motion for Summary Judgment (filed August 15, 1991) ("Park Brief"), p. 3; Reply to Stokes's Response to Park's Motion for Partial Summary Judgment (filed September 13, 1991) ("Park Reply Brief"), pp. 6, 9. This argument is not entitled to any weight in light of the fact, recognized by Park, that such classifications have no significance with respect to the subject matter of a copyright or the exclusive rights provided by the Act. *See* Park Reply Brief, p. 6; 17 U.S.C. § 408(c)(1).

Park also argues, relying on *Robert Stigwood Group Ltd. v. O'Reilly* ("*Stigwood*"),

530 F.2d 1096 (2d Cir.), *cert. denied,* 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976), that each photograph should be treated as separate work because each is capable of living its own "copyright life." *Id.*, p. 1105. That the Park photographs are capable of living their own copyright lives is evident, Park argues, from the fact that Stokes has placed line drawings of the individual photographs on seed packets and offered them for sale to the public. *See, e.g.,* Park Brief, p. 18. If Park's argument is accepted, each of its 122 photographs in question is a separate work deserving of an individualized award of statutory damages. This conclusion conflicts with that reached hereinabove under the 1976 Act.

█ Not surprisingly, however, *Stigwood* was decided under the 1909 Copyright Act—*see Walt Disney Co. v. Powell,* 897 F.2d 565, 569, fn. 8 (D.C.Cir.1990)— which did not provide, as the 1976 Act does, that all parts of a compilation constitute one work. Moreover, even assuming that the copyright life test survived the passage of the 1976 Act, this Court does not view any of the individual Park photographs, standing alone, as having artistic merit or commercial viability on a par with other works which have been held to meet such test. *See, e.g., Cormack v. Sunshine Food Stores, Inc.,* 675 F.Supp. 374 (E.D.Mich. 1987) (tests designed to detect honesty and emotional stability are separate works despite package sales, using example of three one-act plays combined in single volume); *United Feature Syndicate, Inc. v. Sunrise Mold Co.,* 569 F.Supp. 1475 (S.D.Fla.1983) ("PEANUTS" comic strip characters separately copyrightable).

The foregoing discussion aside, it is ultimately Park's failure to explain why *Park's Success with Seeds* should not be deemed a compilation and therefore a single work, a result seemingly compelled by the language of the 1976 Act, that leads this Court to conclude that only one work has been infringed. Accordingly, Park has

---

**4.** If the individual photographs are not independently copyrightable works, Park's book, although not a collective work, still falls within the definition of "compilation" under the Act, inasmuch as preexisting materials (the photographs) have been incorporated in an original work of authorship.

but one protected property—the book—and thus is not entitled to 122 separate damage awards corresponding to the individual photographs Stokes copied from the book.

■ Park's alternative position is that, even if *Park's Success with Seeds* is held to be a compilation and hence but one work for statutory damages purposes, each copying of a Park photograph should be treated as a distinct infringing transaction. Park Reply Brief, p. 15. Such argument posits that one work, *Park's Success with Seeds*, has been infringed 122 times,[5] entitling Park to 122 awards of statutory damages. This argument is again foreclosed by the language of the 1976 Act: " * * * the copyright owner may elect * * * to recover * * * an award of statutory damages for all infringements involved in the action, with respect to any one work * * *." 17 U.S.C. § 504(c)(1). The Court of Appeals for the Federal Circuit explained such provision as follows:

"Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements.

"17 U.S.C. § 504(c)(1) authorizes a judge to award damages 'for all infringements ... with respect to any one work.' As the House Report on the bill explains, however, only one penalty lies for multiple infringements of one work. *See* H.R.Rep. No. 1476, 94th Cong., 2d Sess. at 162 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5659, 5778 ('A single infringer of a single work is liable for a single amount ... *no matter how many acts of infringement are involved in the action* and regardless of whether the acts were separate, isolated or occurred in a related series ... Moreover, although the minimum and maximum amounts are to be multiplied where multiple 'works' are involved in the suit, the same is *not true with respect to multiple copyrights ... or multiple registrations.'*) (emphasis added)." *Walt Disney Co. v. Powell, supra,* 897 F.2d at 569.

One objection to the statute as drafted is that a party whose work is infringed on more than one occasion may find it necessary "to undertake the charade of filing separate actions (based upon separate infringing transactions) in order to achieve multiple statutory damages." 3 *Nimmer on Copyright* 14.04[E][2][c]. Nimmer, having initially and "tentatively" concluded that section 504(c)(1)'s provisions of *"an award* of statutory damages for all infringements involved in the action" (emphasis added) meant what it said, subsequently reappraised his conclusion and wondered if as a matter of judicial economy the courts might not allow multiple statutory damage recoveries in a single lawsuit. *Ibid.* Nimmer noted that

"[a]lthough this would do some violence to one passage in the House Report [quoted in that portion of the opinion in *Walt Disney Co. v. Powell* excerpted hereinabove], in view of the wasteful alternative of requiring the above charade, it may well be that the reference to an 'action' in the phrase 'all infringements involved in the action' must have been intended to refer to an infringing transaction." *Ibid.*

Such an interpretation contravenes expressed Congressional intent and the plain language of the statute. Moreover, any concerns over multiplicitous litigation are allayed in this instance by the threat of an enhanced statutory damage award for any further infringement, which Park would in all likelihood have little difficulty proving to be willful.[6]

---

5. Actually, there is some evidence that certain of the 122 drawings were used on more than one type of seed packet. For example, the infringing drawing of Centaurea was apparently used by Stokes on eleven different types of seed packets. Nelson Affidavit, ¶ 10. Thus, the number of infringing transactions of the book would be somewhat larger than 122.

6. Under 17 U.S.C. § 504(c)(2), "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $100,000."

All of the foregoing considered, this Court finds Park deserving of a single award of damages under 28 U.S.C. § 504(c)(1) or a single award under 28 U.S.C. § 504(c)(2) if Stokes's infringement is proven to have been willful.

Accordingly, it is hereby ORDERED that Park's motion for summary judgment is granted insofar as it sought a declaration that its copyright registration TX 198–709 is valid and infringed and is in all other respects denied.