**UMG RECORDINGS, INC., Sony Music Entertainment Inc., Warner Bros. Records Inc., Arista Records Inc., Atlantic Recording Corporation, BMG Music d/b/a the RCA Records Label, Capitol Records, Inc., Elektra Entertainment Group, Inc., Interscope Records, and Sire Records Group Inc., Plaintiffs,**

v.

**MP3.COM, INC., Defendant.**

**No. 00 Civ. 472(JSR).**

United States District Court,
S.D. New York.

Aug. 23, 2000.

---

Robert Goodman, New York City, Hadrian Katz, Washington, DC, for Plaintiffs.

Jeffrey A. Conciatori, Michael Carlinsky, New York City, Michael Rhodes, Christopher Pace, Philip Tencer, Andrea Hoffman, San Diego, CA, for Defendant.

## OPINION

RAKOFF, District Judge.

By order dated July 31, 2000, the Court denied plaintiff's motion to have the statutory damages in this case computed on a "per song" rather than "per-CD" basis. Here is why.

Under the Copyright Act, "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In other words, for the purpose of computing statutory damages, the relevant unit is not the number of infringements but the number of infringed "works." *See Twin Peaks Prods. Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1381 (2d Cir.1993). Unfortunately, the Copyright Act does not define the term "work." But in their Complaint in this case, as well as in their successful motion for summary judgment on the issue of liability, plaintiffs focused on defendant's unlawful copying of plaintiffs' CDs, implying that each such CD was the relevant "work" unit for purposes of this case.

In their instant motion, however, plaintiffs argue that the relevant "work" unit for purposes of computing statutory damages is each individual, copyrighted song on each such CD, as opposed to each copyrighted CD as a whole.[1] This argument immediately encounters the objection that the very subsection of the Copyright Act that authorizes the award of statutory damages, § 504(c)(1), expressly states that: "For the purposes of this subsection, all parts of a compilation or derivative work constitute one work."[2] As stated in the applicable House Report, section

---

1. Statutory damages are only available for registered copyrights; but, for purposes of registration, a single application can cover both the entire CD and all the copyrightable elements of individual songs. *See* 37 C.F.R. § 202.3(b)(3)(A).

2. The Act elsewhere defines the term "compilation" as "a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship" and further states that the term "includes collective works." 17 U.S.C. § 101. A collective work, in turn, is defined as "a work ... in which a number of contributions, constituting separate and independent works in themselves, are assembled into a collective whole." *Id.*

504(c)(1) "makes clear ... that, although they are regarded as independent works for other purposes, 'all the parts of a compilation or derivative work constitute one work' " for the purposes of determining an award of statutory damages. *See* H.R.Rep. No. 1476, 94th Cong., 2d Sess. 162, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5778. *Accord, e.g., ASA Music Prods. v. Thomsun Electronics,* 49 U.S.P.Q.2d 1545, 1552, 1998 WL 988195 (S.D.N.Y.1998); *RSO Records, Inc. v. Peri,* 596 F.Supp. 849, 862 n. 16 (S.D.N.Y.1984); *Stokes Seeds Ltd. v. Geo. W. Park Seed Co., Inc.,* 783 F.Supp. 104, 107–08 (W.D.N.Y.1991).

Plaintiffs concede that each CD that defendant copied is a "compilation" under § 504(c)(1), *see* Pls. R. Mem. at 1. They nonetheless argue that because each song on each CD has an "independent economic value," statutory damages should be awarded for each song. *See Gamma Audio & Video, Inc. v. Ean–Chea,* 11 F.3d 1106, 1117 (1st Cir.1993). They suggest that such a conclusion is implicit in *Twin Peaks, supra,* in which the Second Circuit held that eight separately written television episodes of a widely known series constituted eight different works for purposes of awarding statutory damages, *see* 996 F.2d at 1381, and they further emphasize that in this very case the defendant listed individual songs, encouraged users to create their own playlists without regard to a given CD album, and measured the traffic on its service according to the number of "hits" received for each individual song-title. *See* Goodman Aff., Exhs. 2 and 3.

But none of this is relevant in the face of the unequivocal statutory language and plaintiffs' own assertion that what the defendant actually copied were the complete CDs. Nor has the Second Circuit ever adopted the "independent economic value" test. In *Twin Peaks,* in fact, the Second Circuit did not even discuss the independent economic value, *vel non,* of the copyrighted television episodes.

More generally, it is hard to see the appropriateness of an "independent economic value" test to statutory damages— as opposed to actual damages, for which every copyright holder remains free to sue on a "per-song" rather than "per-CD" basis. If such a test were applied, the result would be to make a total mockery of Congress' express mandate that all parts of a compilation must be treated as a single "work" for purposes of computing statutory damages, since, as the House Report expressly recognizes, the copyrighted parts of a compilation will often constitute "independent works for other purposes." H.R.Rep. No. 1476, 94th Cong., 2d Sess. 162, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5778.

When Congress speaks, the courts must listen: so our constitution mandates. When, as here, Congress' statement is clear, to disregard that message would be nothing less than an unconstitutional arrogation of power by the judiciary. The Court declines plaintiffs' invitation to tread that treacherous path.